**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. 05-00300-CG** |
| | * | |
| **JAMES EDWARD HANLON** | * | |
| | * | |

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, in the Indictment in the above-entitled case, the United States sought forfeiture of property used to facilitate drug transactions of defendant James Edward Hanlon, and/or property which represented drug proceeds, to the United States of America pursuant to Title 21, United States Code, Section 853;

AND WHEREAS, based upon the guilty plea entered on December 28, 2005, and the Plea Agreement entered into between the United States and defendant James Edward Hanlon, and for the reasons stated, it is hereby

ORDERED, ADJUDGED AND DECREED, that pursuant to Title 21, United States Code, Sections 846 and 853, and Federal Rule of Criminal Procedure 32.2(b), the interests of defendant James Edward Hanlon, is hereby condemned and forfeited to the United States for disposition according to law in the property identified as follows:

    a.    7 acres, more or less, located in Wilcox County, Alabama, more particularly described as:

> "Description of Parcel No. 2, Lambert Estate, house tract" per survey dated October 11, 1960, by James C. Crisman, Ala. Reg. Land Surveyor No. 1201, Selma, Alabama, described as follows:
>
> Commence at a stone corner at the northeast corner of the SE1/4 of NE1/4 of Section 26, T-12-N, R-9-E, Wilcox County, Alabama, thence run South zero degrees 24 minutes East along the East line

of said Section 26 for 924 feet to an iron pin at the point of beginning of the land herein described.  Thence from said point of beginning run South 88 degrees 41 minutes West for 101 feet to an iron pin; thence run South 1 degree 09 minutes East for a distance of 959.2 feet to an iron pin; thence run North 85 degrees 41 minutes East for 376.5 feet to an iron pin on the western margin of Wilcox County Road No. F.A.S. 411; thence run in a northerly direction along the western margin of said roan on a 2 degree curve to the left for 944.6 feet to an iron pin; thence run South 88 degrees 41 minutes West for 268.7 feet to the point of beginning.  The above described parcel containing 8.6 acres, more or less, and lying and being partly in the southeast corner of the SE1/4 of the NE1/4 of Section 26, containing 0.95 acre; and partly in the northeast corner of the NE1/4 of the SE1/4 of Section 26, containing 1.07 acres; and partly in the southwest corner of the SW1/4 of the NW1/4 of Section 25, containing 3.03 acres; and partly in the northwest corner of the NW1/4 of the SW1/4 of Section 25 containing 3.55 acres, all in T-12-N, R-9-E, Wilcox County, Alabama, and described as Parcel II in that certain Warranty Deed dated October 20, 1960, and recorded in Deed Book 5-L, at page 330, in the Office of the Judge of Probate, Wilcox County, Alabama.

**LESS AND EXCEPT**: Approximately 1.2 acres on the South end of the above described 8.6 acre parcel, more particularly described as follows: Beginning at an iron pin on the western margin of Wilcox county Road F.A.S. 411 (now called Wilcox County Road No. 51), said point of beginning being the Southeast corner of the above described 8.6 acres; thence run South 85 degrees 41 minutes West for 376.5 feet to an iron pin; thence run North 1 degree 09 minutes West for a distance of 135.0 feet; thence run North 85 degrees 41 minutes East to the western margin of Wilcox County Road No. F.A.S. 411 (now called Wilcox County Road No. 51); thence run in a southerly direction along wester margin of said road to the point of beginning.

  b. The residence and real property located at 622 Boykin Court North, Gulf Shores, Alabama 36542, which property is more particularly described as follows:

   Lot 8, Block F, Boykin Court North, according to the plat thereof recorded in Map Book 4, Page 33, in the Office of the Judge of Probate, Baldwin County, Alabama.

 AND WHEREAS, by virtue of said guilty plea and Plea Agreement, the United States is

now entitled to, and it should, pending possible appeal herein, reduce said properties to its possession and notify any and all potential third parties who have or may have an interest in the properties, pursuant to Title 21, United States Code, Section 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure.

NOW THEREFORE, IT IS HEREBY **ORDERED, ADJUDGED AND DECREED:**

That based on the Plea Agreement, the factual resume, and the guilty plea, and Fed.R.Crim.P. 32.2(b)(3), the right, title and interests of defendant James Edward Hanlon, in the above-described properties are hereby forfeited to and vested in the United States of America for disposition in accordance with law, subject to the provisions of Title 18, United States Code, Section 853(n).

That the United States Marshal is hereby **ORDERED** to record forthwith a copy of this Order in the county where the above-described real properties are located, and which Order, when recorded, shall be notice to any transferee or potential transferees, of the interest of the United States of America therein.

That the aforementioned forfeited properties are to be held by the United States Marshals Service in their secure custody and control.

That pursuant to Title 21, United States Code, Section 853(n)(1), the United States Marshal forthwith shall publish at least once a week for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the Marshals intent to dispose of the properties in a manner as the Attorney General may direct and notice that any person, other than the defendant, having or claiming a legal interest in the above-described forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of

their receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Order of Forfeiture, as a substitute for published notice as to those persons so notified.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the properties following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Title 21, United States Code, Section, 853(n)(2) for the filing of third-party petitions.

Pursuant to Fed. R. Crim. P. 32.2(b)(3), and the Consent Decree for Forfeiture signed by the parties, this Preliminary Order of Forfeiture shall become final as to the defendant at the time of execution and shall be made part of the sentence included in the judgment.  If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

The Clerk of the Court shall forward five (5) certified copies of this Order to Assistant U.S. Attorney Gloria A. Bedwell, Southern District of Alabama.

DATED this 19th day of December, 2006.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE